**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Brandon Venturo, | Case No. 2:25-cv-02245-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| USAA Casualty Insurance Company, | |
| Defendant. | |

Before this Court is Plaintiff's Motion to Remand, which disputes Defendant's amount in controversy calculation. ECF No. 10. Defendant responded, ECF No. 12, and Plaintiff replied. ECF Nos. 13, 15. For the reasons discussed below, the Court denies Plaintiff's Motion.

**I.   BACKGROUND**

This is an insurance case arising from Plaintiff's car accident with a third party. *See generally* ECF No. 1-2. Plaintiff was covered by an Underinsured Motorist ("UIM") Policy with Defendant and made a claim following the accident. *Id.* at 2–3. Plaintiff initiated this lawsuit in state court in September 2025. ECF No. 1 at 2. A month later, Plaintiff filed an amended complaint. *Id.* In November 2025, Defendant removed the case to federal court, claiming that the complaint set forth an amount in controversy exceeding $75,000. *Id.* at 4–5. Plaintiff now asks this Court to remand the case because he argues that the general statements in the complaint and Defendant's policy limits belie Defendant's contention that the jurisdictional minimum is satisfied. ECF No. 10.

**II.   LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction

must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a).

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance*."* *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

## III.    ANALYSIS

In determining the amount in controversy, courts first look to the complaint. *Hedgepeth v. Melborg Bros., Inc.*, No. 2:24-cv-00045-CDS-MDC, 2024 WL 3305615 at *2 (D. Nev. April 12, 2024). Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). The $75,000 threshold is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir.1986).

However, in cases where a plaintiff challenges removal jurisdiction, evidence establishing the amount in controversy is required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)). Courts consider both facts presented in the removal petition as well as any "summary judgment-type evidence" relevant to the amount in controversy at the time of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Conclusory allegations are insufficient. *Id.* Removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 574 U.S. at 88.

Here, Plaintiff argues remand is appropriate because the "Prayer for Relief" section of the complaint only requests in excess of $45,000—in excess of $15,000 for general and special damages, in excess of $15,000 for property damages to the vehicle, and in excess of $15,000 for punitive damages, as well as any attorneys' fees and costs. ECF No. 10 at 5. Defendant argues that Plaintiff's claims can be aggregated to exceed the jurisdictional minimum, that attorneys' fees should be considered when calculating the jurisdictional minimum, and that other cases where plaintiffs have made similar claims have resulted in awards exceeding $75,000. ECF No. 12 at 5–12.

### 1. Aggregation of claims

When a complaint alleges multiple causes of action against a single defendant, the Ninth Circuit aggregates "the value of all the plaintiff's claims to determine whether the jurisdictional minimum was satisfied." *Sky-Med, Inc. v. Fed. Aviation Admin.*, 965 F.3d 960, 966 (9th Cir. 2020). Here, not only can the value of Plaintiff's claims be aggregated, but Plaintiff's complaint includes a prayer for damages at the end of each of his claims. *See* ECF No. 1-2 at 5–10.

For his unfair practices under NRS § 686A.310 claim, Plaintiff alleges consequential damages, emotional distress, and damages for benefits denied to him under the policy in an amount in excess of $15,000. *Id.* at 6. He also states that he is entitled to punitive damages in an amount in excess of $15,000. *Id.* For his tortious bad faith claim, Plaintiff alleges that he suffered consequential damages and emotional distress in an amount in excess of $15,000. *Id.* at 8. For his unjust enrichment claim, Plaintiff alleges that he is entitled to punitive damages in an amount in excess of $15,000. *Id.* at 9. And for his breach of contract claim, Plaintiff alleges that he is entitled to consequential and incidental damages in an amount in excess of $15,000 and punitive damages in an amount in excess of $15,000. *Id.* at 10.

When the amounts requested in each of Plaintiff's claims are aggregated, the maximum recovery Plaintiff could reasonably recover at the time of removal is greater than the jurisdictional minimum. *See Arias v. Residence Inn by Marriott*, 935 F.3d 920, 927 (9th Cir. 2019) (stating that the amount in controversy reflects the maximum recovery the plaintiff could reasonable recover); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir.

2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal regardless of whether plaintiff will actually recover them). Plaintiff argues that his claims cannot be aggregated because he is only asserting multiple theories or recovery, not seeking entirely separate damages for each claim. ECF No. 15-1 at 3.

But Plaintiff's complaint undermines his argument because the requests are not identical to one another and he does not otherwise indicate that any of the claims are made in the alternative.[1] *Cf. Adams v. Teva Parenteral Medicines, Inc.*, 2:18-cv-02305-GMN-BNW, 2019 WL 4044014, at *2 (D. Nev. Aug. 26, 2019) (declining to aggregate claims because the as the requests in each claim employed identical language and were seeking recovery for the same injuries). By way of example, Plaintiff's unfair claims practices claim requests, "consequential damages, emotional distress, and damages for benefits denied to him under the policy" as well as punitive damages because Defendant "has essentially denied, undervalued, and delayed payment of Plaintiff's policy benefits." ECF No. 1-2 at 6. In comparison, his breach of contract claim requests, "consequential and incidental damages" as well as punitive damages because Defendant "breached the contract with a conscious disregard for the rights of Plaintiff". *Id.* Since Plaintiff's claims do not overlap, they can be aggregated to equal an amount in controversy in excess of $90,000.[2] Plaintiff's claims thus exceed the $75,000 jurisdictional minimum.

### 2. Attorneys' fees

Defendant also suggests that attorneys' fees can be added to the amount in controversy. ECF No. 24 at 9–10. But "future attorneys' fees are only included in the amount in controversy [ ] if the underlying statute authorizes such an award." *SFR Invs. Pool 1, LLC v. Bank of Am.*, No. 2:22-cv-01864-GMN-BNW, 2022 WL 16920367, at *4 (D. Nev. Nov. 14, 2022) (citing *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 788 (9th Cir. 2018)). The Court considers attorneys' fees

[1] The exception is Plaintiff's unjust enrichment claim, which is an alternative to his breach of contract claim as a matter of law. *See Korte Construction Co. v. State*, 137 Nev. 378, 382–383, 492 P.3d 540, 544 (2021) (finding that the existence of a written contract precluded plaintiff's unjust enrichment claim). Accordingly, Plaintiff cannot collect damages for breach of contract and unjust enrichment.

[2] This Court did not add Plaintiff's unjust enrichment claim in its calculation of aggregated damages since unjust enrichment is an alternative pleading.

to be within the amount in controversy if the removing party: "(1) identifies an applicable statute which could authorize an award of attorneys' fees and (2) provide[s] an estimate as to the time the case will require and opposing counsel's hourly billing rate." *Id.* (citing *Cayer v. Vons Companies*, No. 2:16-cv-02387, 2017 WL 3115294, at *2 (D. Nev. July 21, 2017)).

Here, Defendant's petition for removal states that attorneys' fees are available under the Unfair Claims Practices Act as well as for bad faith insurance actions when oppression, malice, or fraud are established. ECF No. 1 at 5. In its opposition to Plaintiff's motion to remand, Defendant also cites to Nev. Rev. Stat. 18.010(2)(B) for the contention that attorney's fees may be award to a prevailing insured. ECF No. 12 at 11. Even if these references to statutes and caselaw were enough to satisfy the first requirement of the analysis, Defendant does not provide any estimate as to the time the case will require, nor does it provide opposing counsel's hourly rate. Accordingly, this Court cannot consider future attorney's fees when determining whether the jurisdictional minimum has been met. *SFR Invs. Pool 1, LLC.*, 2022 WL 16920367, at *4.

### 3. Similar cases

Defendant also points to jury verdicts from other cases to argue that the amount in controversy is satisfied here. ECF No. 24 at 5–8. Defendant cites to three similar cases with varying jury awards exceeding $75,000 as evidence that Plaintiff's claims meet the jurisdictional threshold. ECF No. 12 at 5–6. But Defendant "offers zero analysis as to why a similar award should be anticipated under the facts of this case." *Casas v. Geico Indem. Co.*, No. 2:13-cv-1567-JAD-CWH, 2013, WL 6284152, at *2 (D. Nev. Dec. 4, 2013). Other than stating that a given case involved a similar cause of action (*i.e.*, breach of contract, bad faith and breach of the implied covenant, etc.), Defendant fails to explain how such cases are factually analogous to Plaintiff's claims here. While jury verdicts in analogous cases can serve as useful evidence of the amount in controversy, they do not here because Defendant simply failed to perform the requisite analysis to show that the jury verdicts Defendant mentions are analogous to the facts of this case. *Dover v. GEICO Cas. Co.*, No. 3:21-cv-00450-MMD-CLB, 2022 WL 816660, at *4 (D. Nev. Mar. 17, 2022).

But regardless of whether other cases support a finding that the amount in controversy is satisfied, Plaintiff's claims can be aggregated to exceed the jurisdictional minimum. Thus, this Court finds that that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

**IV.   CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 10) is **DENIED**.

DATED this 6th day of May 2026.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE